Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error brought replevin against the plaintiff in error, for a negro boy. By an agreed case it appears that the negro in question descended to Mrs. Curll, wife of the plaintiff in error, in 1843, from her mother. ‘On the 16th January, 1844, Mrs. Curll, by a writing not under seal, relinquished her right to the negro to Crawford, the defendant’s intestate. In this writing, the husband refused to join, and has always disapproved of his wife’s act. Crawford then took possession of the negro, and held him until his death in the spring of 1847; but Curll did not consent to such possession. After Crawford’s déath, the slave came into the possession of his administrator, and was included in his inventory. About the 25th of December, 1848, the slave came into the possession of Curll; Compton demanded him, but was refused, and thereupon brought this suit. Mrs. Curll made the conveyance, at the solicitation of a third person, and now approves of the defence set up by her husband.
The first question is, Was the conveyance by Mrs. Curll a valid gift to Crawford? If so, hi's administrator is entitled to recover. The act of 1839, for the protection of the rights of married women, secures to them all property acquired by bequest, demise, gift, purchase, or distribution. This act was in operation when Mrs. Curll conveyed. It gives to the husband the control and management of slaves belonging to the wife, and the right to the profits of their labor. It provides that slaves so owned by the wife may be sold by the joint deed of the husband and wife, executed, proved and recorded, agreeably to the laws in force with regard to the realty of married women, and in no other way. We have often held, that a wife cannot sell or charge her separate property, except it be done in strict compliance with the law. It is by virtue of the act alone that she holds it, and as that act only authorizes her to dispose of it in a particular way, no other way will do. She cannot give it away, unless by the same ceremony. The husband has an interest in *59 it, and the law protects his interest by making it necessary for him to join in the conveyance. If the wife may give away her property, the main object of the law might be defeated. The plaintiff in replevin must have a title to the property, either actual or qualified. This conveyance invested Crawford with no such right, and his administrator cannot therefore recover on this title.
But another ground is taken, in support of the right. It is said that as the negro was in Crawford’s possession more than three years, he acquired title by the operation of the statute of limitations. This might be true, as against Curll, but he depends not on his own title, but on the title of his wife, with her approbation. Has her title been divested by the operation of the statute? Clearly not; it is protected by the saving in the statute.. If she had sued for this negro, whilst he was in possession of Crawford, the statute of limitations would have been no answer to her suit. The husband does not defend on the joint right of himself and wife, so as to let in the doctrine that an action barred as to one is barred as to both. He defends on the outstanding title in his wife, and that title has not been divested. Therefore let the judgment be reversed, and the cause remanded.